People v Vandyke (2024 NY Slip Op 05512)

People v Vandyke

2024 NY Slip Op 05512

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CR-22-1856
[*1]The People of the State of New York, Respondent,
v
Bernadett L. Vandyke, Appellant.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Adam W. Toraya, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Philip A. Alvaro of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered August 22, 2022, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a four-count indictment, defendant was afforded the opportunity to plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that she would be sentenced to one year of incarceration in the local jail and would pay $300 in restitution. Defendant pleaded guilty in conformity with the plea agreement, and County Court thereafter imposed the agreed-upon sentence and deferred restitution until defendant's release from jail. This appeal ensued.
We affirm. Although couched as a challenge to the voluntariness of her plea, defendant actually is contesting the factual sufficiency thereof — noting an apparent discrepancy between the drug referenced in the indictment (fentanyl) and the drug she believed that she was selling (heroin). In either case, defendant's arguments regarding the voluntariness and/or factual sufficiency of her plea are unpreserved for our review, as defendant did not make an appropriate postallocution motion — despite having an opportunity to do so prior to sentencing (see People v Booth, 221 AD3d 1283, 1284 [3d Dept 2023]; People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v Robert, 214 AD3d 1085, 1086 [3d Dept 2023], lv denied 39 NY3d 1156 [2023]). Even assuming that defendant's statement that she did not know that the drug she was selling contained fentanyl was sufficient to trigger the narrow exception to the preservation requirement, County Court thereafter "made a sufficient inquiry to establish that the plea was knowingly and voluntarily entered" (People v Greene, 195 AD3d 1317, 1318 [3d Dept 2021]). Specifically, and in response to County Court's questioning, defendant readily acknowledged that she sold "what [she] believed to be drugs" on the day in question and admitted "that the substance that [she was] selling was in fact a controlled substance," which is all that was required of her allocution (see Penal Law §§ 220.00 [5]; 220.39 [1]; Public Health Law § 3306). "Having failed to express, in any way, dissatisfaction with the court's remedial action, defendant has waived any further challenge to the allocution, and thus no issue is preserved for our review" (People v Greene, 195 AD3d at 1318 [internal quotation marks and citations omitted]; see People v Rodriguez, 228 AD3d 1179, 1180 [3d Dept 2024]; People v McCall, 217 AD3d 1266, 1267 [3d Dept 2023], lv denied 40 NY3d 998 [2023]; cf. People v Dunbar, 218 AD3d 931, 933 [3d Dept 2023], lv denied 40 NY3d 950 [2023]).
Egan Jr., J.P., Aarons, Lynch and McShan, JJ., concur.
ORDERED that the judgment is affirmed.